IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA BRYAN WILKES**                                                                                    **PLAINTIFF**

v.                                   CASE NO. 4:26-cv-2-JM

**AMERISAVE MORTGAGE CORP.** *et al.*                                                           **DEFENDANTS**

**ORDER**

  Joshua Wilkes filed a complaint and a motion for temporary restraining order and preliminary injunction seeking to enjoin the statutory foreclosure of his home scheduled for some time tomorrow, January 7, 2026. Wilkes financed the purchase of a home in October 2024. He challenges the validity of the original mortgage by generally alleging that the Defendants violated the "National Housing Act (12 U.S.C § 1701)" as well as "federal regulations governing FHA-insured mortgages." (Doc. 2 at 3). He attaches portions of the mortgage that he deems relevant. (*Id*.) He also attaches an email from a Dovenmuele Mortgage Customer Service Agent attempting to resolve Wilkes's "continued dispute of the debt." (Doc. 2 at 62). In that July 2025 email, Wilkes was reminded that, since the origination of the loan in October of 2024, he had not made any of the required monthly payments from November 2024 through July 2025. (*Id*.). The record does not show if Wilkes has made any payments since that time. He justifies this non-payment by arguing that "the required FHA execution documents were never properly completed and that Defendants certified compliance that did not exist." (Doc. 9, p. 3).

  To obtain a preliminary injunction in the form of a restraining order, a plaintiff must show: (1) a probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) that harm to the plaintiff if the injunction is not granted will outweigh any harm to other interested parties; and (4) that the issuance of the preliminary injunction is in the public interest. *S.J.W. ex*

*rel. Wilson v. Lee's Summit R–7 Sch. Dist.,* 696 F.3d 771, 776 (8th Cir. 2012) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981)). The probability of success on the merits is the most significant factor. *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992).

However, to obtain a temporary restraining order *before the opposing parties have notice and opportunity to respond* requires the movant to certify what efforts were made to give notice and to explain the reasons why it should not be required. Fed. R. Civ. P. 65. Wilkes states that he "filed this action promptly after exhausting reasonable efforts to obtain clarification from Defendants and upon learning of the scheduled foreclosure sale." (Doc. 9, p. 2). He further states that he "attempted service of process immediately upon issuance of summons by preparing service packets and mailing them via certified mail on January 6, 2026" and that "full notice prior to the sale was impracticable." This conclusory statement is wholly insufficient to justify the entry of a temporary restraining order without notice and an opportunity to be heard, in spite of the irreparable harm alleged. Therefore, the Court will not consider the *Dataphase* factors.

Joshua Wilkes' motion for an *ex parte* temporary restraining order (Doc. 8) is DENIED without prejudice.

IT IS SO ORDERED this 7th day of January 2026.

_____
UNITED STATES DISTRICT JUDGE